UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SVGRP LLC, et al.,

    Plaintiffs,

v.

SOWELL FINANCIAL SERVICES, LLC, et al.,

    Defendants.

Case No. 5:16-cv-07302-HRL

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT WITH LEAVE TO AMEND**

Re: Dkt. No. 8

In this diversity action, plaintiffs SVGRP, LLC (SVGRP) and Concert Wealth Management, Inc. (Concert) sue for alleged breach of contract, fraud, libel/slander, and unfair business practices. Pursuant to Fed. R Civ. P. 12(b)(6), defendants Sowell Financial Services, LLC (Sowell Financial) and William C. Sowell move to dismiss the complaint for failure to state a claim for relief. Upon consideration of the moving and responding papers, as well as the oral arguments presented, the court grants the motion with leave to amend.[1]

## BACKGROUND

Plaintiffs' complaint alleges the following:

On or about September 26, 2016, SVGRP and Sowell Financial entered into a Master

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

Service Agreement (Agreement). According to the Agreement's recitals, Sowell Financial is a Registered Investment Advisor with the Securities Exchange Commission that provides various regulatory and technical support services to independent Investment Advisor Representatives (IARs). (Dkt. 1-1, Complaint, Ex. A, Agreement at ECF p. 1). The recitals go on to state that Sowell Financial has agreements with IARs to provide them with "back office and technical support services," in addition to its regulatory services. And, SVGRP is said to be "in the business of providing back office and technical support services to both" Registered Investment Advisors and IARs. (Id.). So, according to the recitals, Sowell Financial and SVGRP entered into the Agreement "to allow [Sowell Financial] to retain [SVGRP] to perform back office and technical services on its behalf for IARs formerly registered with [Concert], with whom [Sowell Financial] has contracted, in accordance with the terms and conditions of this Agreement and Statements of Work (as defined below)." (Id.). Relevant to the discussion here, the Agreement says that "[i]n exchange for the Services provided hereunder, [Sowell Financial] shall pay to [SVGRP] a percentage of fees, commissions, or payments that it receives from IARs pursuant to the [Sowell Financial]/IAR agreements entered into the [sic] IAR's formerly registered with [Concert] as set forth in each Statement of Work attached hereto as Exhibit A." (Dkt. 1-1, Agreement at ECF p. 2).

Plaintiffs allege that, in reliance on the Agreement, Concert facilitated the transfer of financial advisors to Sowell Financial, including the transfer of the advisors' client portfolios. Shortly after that transfer was complete, Sowell Financial allegedly "began verbally and in writing falsely advising financial advisors that [SVGRP] and Concert had breached the Master Services Agreement and were not acting in good faith." (Dkt. 1, Complaint at ¶ 9). Then, say plaintiffs, Sowell Financial wrongfully purported to cancel the Agreement and refuses to pay the compensation required by the contract. They then filed this lawsuit, asserting four claims for relief: (1) breach of contract, (2) fraud, (3) slander and libel; and (4) unfair business practices (Cal. Bus. & Prof. Code § 17200).

Defendants move to dismiss each claim on the ground that the complaint fails to allege sufficient facts establishing a claim for relief. Fed. R. Civ. P. 12(b)(6). For the reasons discussed

2

below, the court grants the motion with leave to amend.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. Id. (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted) However, only plausible claims for relief will survive a motion to dismiss. Iqbal, 129 S.Ct. at 1950. A claim is plausible if its factual content permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949.

Documents appended to the complaint or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

While leave to amend generally is granted liberally, the court has discretion to dismiss a claim without leave to amend if amendment would be futile. Rivera v. BAC Home Loans

1 Servicing, L.P., 756 F. Supp.2d 1193, 1997 (N.D. Cal. 2010) (citing Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996)).

## DISCUSSION

### A. Breach of Contract

This claim is asserted by plaintiff SVGRP as to defendant Sowell Financial. Defendants argue that Agreement is incomplete and indefinite with respect to a material term: the compensation to be paid to plaintiffs. As discussed, the Agreement provides that Sowell Financial was to pay SVGRP "a percentage of fees, commissions, or payments that it receives from IARs . . . as set forth in each Statement of Work attached hereto as Exhibit A." (Dkt. 1-1, Agreement at ECF p. 2). Defendants contend that the Agreement is incomplete because the referenced Statements of Work are missing from the contract. Thus, defendants argue, there were no mutually agreed terms of consideration, and the Agreement's terms are not sufficiently definite to give rise to a contractual obligation with respect to SVGRP's compensation.

"To be enforceable, a promise must be definite enough that a court can determine the scope of the duty and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages." Ladas v. California State Auto. Ass'n, 23 Cal. Rptr.2d 810, 814 (Cal. Ct. App. 1993). Thus, "'[u]nder California law, a contract will be enforced if it is sufficiently definite . . . for the court to ascertain the parties' obligations and to determine whether those obligations have been performed or breached.'" Rockridge Trust v. Wells Fargo, N.A., 985 F. Supp.2d 1110, 1142 (N.D. Cal. 2013) (quoting Ersa Grae Corp. v. Fluor Corp., 1 Cal. App.4th 613, 623, 2 Cal.Rptr.2d 288 (1991)). "Conversely, a contract is void and unenforceable where a contract is so uncertain and indefinite that the intention of the parties on material questions cannot be ascertained." Id. (citing Ladas, 23 Cal.Rptr.2d at 814)). "Whether a contract term is sufficiently definite to be enforceable is a question of law for the court." Ladas, 23 Cal. Rptr. at 814 n.2.

Here, SVGRP points out that "[a] written instrument is presumptive evidence of a consideration," Cal. Civ. Code § 1614, and that even "[w]hen a contract does not determine the amount of consideration nor the method by which it is to be ascertained . . . the consideration must

4

be so much money as the object of the contract is reasonably worth," Cal. Civ. Code § 1611. Citing <u>Sabatini v. Hensley</u>, 326 P.2d 622 (Cal. S. Ct. 1958), SVGRP argues that the Agreement need not specify how compensation was to be ascertained. <u>Sabatini</u> is inapposite. That case concerned an offer of employment for a specified salary and an indefinite bonus. (Recognizing that the offered salary was low, the defendant-employer offered to make up for it later in bonuses.) <u>Id.</u> at 623. There being evidence that the promised bonuses induced the plaintiff-employee to continue his employment with the defendant, the court found that it did not matter that no formula for determining bonuses was ever specified. Instead, it concluded that the bonuses could be calculated as the reasonable value of the plaintiff's services over and above his agreed salary. <u>Id.</u>

Here, by contrast, the Agreement indicates that SVGRP and Sowell Financial contemplated that the "percentage of fees, commissions, or payments" to be paid to SVGRP was to be ascertained pursuant to matters set out in the referenced Statements of Work. What those matters might be, however, is anyone's guess. Nor is it clear from the complaint's allegations what might have happened to the Statements of Work that apparently were to be appended to the Agreement. Plaintiffs simply say that they should be given leave to amend to allege their understanding as to what the would-be Statements of Work meant. But where, as here, the "parties have agreed that a written instrument is the exclusive and final embodiment of their contract, then the written contract is integrated, and parol evidence is inadmissible to alter or enlarge its terms." <u>Brawthen v. H&R Block, Inc.</u>, 104 Cal. Rptr. 486, 490 (Cal. Ct. App. 1972).

Accordingly, defendants' motion to dismiss the contract claim is granted. While the court harbors some doubt whether plaintiffs properly may amend their complaint to fix the identified deficiency, they are given leave to amend if they believe that they can, in compliance with Fed. R. Civ. P. 11, allege sufficient facts establishing a plausible claim for relief.

**B. Fraud**

The complaint alleges that defendants engaged in promissory fraud by "enter[ing] into the [Agreement] with [SVGRP] without any intention to perform." (Complaint ¶ 13). This claim is asserted by plaintiffs as to all defendants. Defendants contend that the complaint does not allege sufficiently specific facts to establish a claim for fraud. Additionally, they argue that there is no

5

basis to assert this claim against defendant Sowell, who is not himself a party to the Agreement. The court agrees.

To state a claim for fraud under California law, a plaintiff must allege: (1) a misrepresentation (false representation, concealment, or non-disclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage. Lazar v. Super. Ct., 909 P.2d 981, 984 (Cal. 1996). "Promissory fraud is a subspecies of fraud. A plaintiff asserting a promissory fraud claim must plead and prove that the defendant made a promise to him that it had no intention of performing." UMG Recordings, Inc. v. Global Eagle Entertainment, Inc., 117 F. Supp.2d 1092, 1109 (C.D. Cal. 2015); see also Hsu v. OZ Optics Ltd., 211 F.R.D. 615, 620 (N.D. Cal. 2002) (stating that promissory fraud "is cognizable when a party enters into an agreement without intending to be bound by its terms.").

"However, promissory fraud is not exempted from the strictures of [Fed. R. Civ. P.] Rule 9(b), and a plaintiff is required to plead facts from which the Court can infer that the allegedly fraudulent statements were actually false when made." Hsu, 211 F.R.D. at 620 (citation omitted). This means that allegations of fraud must be stated with "specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)). To survive a motion to dismiss, "'allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" Id. (quoting Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001)).

Here, the complaint, which impermissibly lumps all defendants together, is devoid of any facts supporting any false representation, when any such representation was made, and by whom. Nor do plaintiffs plead any facts specifying the time, place, and specific content of any alleged false representations. The complaint simply says that defendants had no intent to perform under the Agreement. However, "nonperformance alone will not support a finding of promissory fraud." UMG Recordings, Inc., 117 F. Supp.3d at 1110. "Although intent can be averred generally under

6

1    Rule 9(b), a plaintiff must point to *facts* which show that defendant harbored an intention not to be

2    bound by terms of the contract at formation." Id. at 1109-10 (emphasis added); see also Hsu, 211

3    F.R.D. at 620 (same). No such facts are alleged here.

4        To support their contention that individual defendant Sowell may be held liable for fraud,

5    plaintiffs point out that he signed the Agreement. They cite Oncology Therapeutics Network

6    Connection v. Virginia Hematology Oncology PLLC for the general proposition that "[i]f an

7    entity's representative committed a tort, such as fraud, in connection with the contract, plaintiff

8    could sue the signatory as an individual for his tort." No. C05-3033 WDB, 2006 WL 334532 at

9    *10 (N.D. Cal., Feb. 10, 2006). That case is inapposite. There, the court concluded, on summary

10   judgment, that the parties' credit agreement did not personally bind the defendant's signatory to

11   the debt. In any event, plaintiffs have failed to allege any facts establishing a claim for fraud in

12   connection with the Agreement, much less any facts demonstrating that Sowell justifiably could

13   be held liable for fraud. This claim is dismissed with leave to amend.

### C. Slander and Libel

    The elements of a claim for defamation, which may be brought as a claim for slander or libel are "1) a publication, 2) that is false, 3) defamatory, and 4) unprivileged, and 5) that has a natural tendency to injure or that causes special damage." Wilson v. Florida Dep't of Revenue, No. 14-cv-04726-JCS, 2015 WL 136557 at *12 (N.D. Cal., Jan. 8, 2015) (citing Taus v. Loftus, 40 Cal.4th 683, 720, 54 Cal.Rptr.3d 775, 151 P.3d 1185 (2007)). "While the exact words or circumstances of the defamation need not be alleged, the substance of the defamatory statement must be alleged to state a claim." Id. (citing Silicon Knights, Inc. v. Crystal Dynamics, Inc., 983 F. Supp. 1303, 1314 (N.D. Cal. 1997)).

    Defendants argue that the complaint fails to allege a defamatory statement. With respect to Sowell Financial, the complaint alleges that defendant "began verbally and in writing falsely advising financial advisors that [SVGRP] and Concert had breached the Master Services Agreement and were not acting in good faith." (Complaint ¶ 9). The complaint goes on to allege that defendant Sowell sent a letter to Concert's financial advisors "falsely telling advisors that Concert, Felipe Luna and Elizabeth Luna [Concert's principals] were interfering in the

management and claiming Fidelity might remove financial advisors from Fidelity platform." (Id. ¶ 20). As currently drafted, the complaint does not allege sufficient facts providing context or meaning, such that these alleged statements could reasonably be interpreted as defamatory. This claim is dismissed with leave to amend.

### D. Unfair Business Practices, Cal. Bus. & Prof. Code § 17200

Although "[v]iolation of almost any federal, state, or local law may serve as the basis for a UCL claim," Plascencia v. Lending 1st Mortgage, 259 F.R.D. 437, 448 (N.D. Cal. 2009), plaintiffs' § 17200 claim necessarily rises or falls with their other claims for relief. Because defendants' motion to dismiss is granted with leave to amend as to all underlying claims for relief, plaintiffs' § 17200 claim is also dismissed with leave to amend.

**ORDER**

Based on the foregoing, defendants' motion to dismiss is granted with leave to amend. Plaintiff's amended pleading must be filed within 15 days from the date of this order. Leave to amend is limited to those claims pled in the complaint and consistent with the rulings above. To the extent plaintiffs intend to assert new or different claims for relief or add new parties, they must make an appropriate motion pursuant to Fed. R. Civ. P. 15.

SO ORDERED.

Dated: April 18, 2017

HOWARD R. LLOYD
United States Magistrate Judge

5:16-cv-07302-HRL Notice has been electronically mailed to:

David Irwin Kornbluh     dik@millermorton.com, mhr@millermorton.com

Frank Joseph Perretta     fperretta@millermorton.com, jmh@millermorton.com

Janelle Dease     jdease@borchardlaw.com

Thomas John Borchard     tborchard@borchardlaw.com

9